**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**Southern District of Texas**
(State)

Case number *(if known)*: _____     Chapter __11__

☐ Check if this is an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's Name** | **Consolidated Theatres Management, L.L.C.** |

| | |
|---|---|
| 2. | **All other names debtor used in the last 8 years** |
| | Include any assumed names, trade names, and *doing business as* names |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 5  6  -  2  1  0  0  2  3  7 |

4. **Debtor's address**

**Principal place of business**

**101 E. Blount Avenue**
Number          Street

**Knoxville**          **TN**     **37920**
City                State    Zip Code

**Knox County**
County

**Mailing address, if different from principal place of business**

Number          Street

P.O. Box

City                State    Zip Code

**Location of principal assets, if different from principal place of business**

Number          Street

City                State    Zip Code

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **https://www.cineworldplc.com/** |

6. **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

| Debtor | **Consolidated Theatres Management, L.L.C.** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**512131 - Motion Picture Theaters (except Drive-Ins)**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub- box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11   *Check all that apply:*

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, and it chooses to proceed under Subchapter V of Chapter 11. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.

| | District | _____ | When | _____ MM/DD/YYYY | Case number | _____ |
| | District | _____ | When | _____ MM/DD/YYYY | Case number | _____ |

Debtor **Consolidated Theatres Management, L.L.C.**     Case number *(if known)* _____
   Name

| | | |
|---|---|---|
| **10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** | ☐ No<br>☒ Yes. | Debtor **See Rider 1**     Relationship **Affiliate** |
| List all cases. If more than 1, attach a separate list. | | District **Southern District of Texas**    When **09/07/2022**<br><br>Case number, if known _____    MM / DD / YYYY |

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

    What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
      Number     Street

_____
City         State    Zip Code

**Is the property insured?**

☐ No

☐ Yes.   Insurance agency _____

      Contact name _____

      Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors[1]**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☒ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

---

[1]      The estimated number of creditors and estimated amounts of assets and liabilities are being listed on a consolidated basis for all Debtor affiliates listed on Rider 1, attached hereto.

| Debtor | **Consolidated Theatres Management, L.L.C.** | | Case number *(if known)* | |
| | Name | | | |

| **15. Estimated assets** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

| **16. Estimated liabilities** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☒ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --**  Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on     **09/07/2022**
                MM/ DD / YYYY

✖  **/s/ James A. Mesterharm**                    **James A. Mesterharm**
Signature of authorized representative of debtor        Printed name

Title   **Chief Restructuring Officer**

**18. Signature of attorney**

✖  **/s/ Matthew D. Cavenaugh**          Date   **09/07/2022**
Signature of attorney for debtor                    MM/DD/YYYY

**Matthew D. Cavenaugh**
Printed name

**Jackson Walker LLP**
Firm name

**1401 McKinney Street, Suite 1900**
Number                     Street

**Houston**                          **Texas**        **77010**
City                             State          ZIP Code

**(713) 752-4200**                      **mcavenaugh@jw.com**
Contact phone                        Email address

**24062656**                          **Texas**
Bar number                          State

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**Southern District of Texas**
(State)

Case number *(if known)*: _____   Chapter ___11___

☐ Check if this is an
amended filing

## Rider 1
## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Cineworld Group plc.

Cineworld Group plc
13th Avenue Partners, L.L.C.
A 3 Theatres of San Antonio, Ltd.
A 3 Theatres of Texas, Inc.
Augustus 1 Limited
Augustus 2 Limited
Basildon Cinema 2 Limited
Basildon Cinema Number Two 2 Limited
Bromley Cinema 2 Limited
Busby AssignCo, LLC
Cinebarre, LLC
Cinemas Associates, LLC
Cine-UK Limited
Cineworld Cinema Properties Limited
Cineworld Cinemas Holdings Limited
Cineworld Cinemas Limited
Cineworld Elite Picture Theatre (Nottingham) Limited
Cineworld Estates Limited
Cineworld Funding (Jersey) Limited
Cineworld Holdings Limited
Cineworld HunCo Kft.
Cineworld South East Cinemas Limited
City Screen (Brighton) Limited
City Screen (Liverpool) Limited
City Screen (S.O.A.) Limited
City Screen (Stratford) Limited
City Screen (York) Limited
Classic Cinemas Limited
Consolidated Theatres Management, L.L.C.
Crown Finance US, Inc.
Crown Intermediate Holdco, Inc
Crown Theatre Corporation
Crown UK HoldCo Limited
CS (Brixton) Limited
CS (Exeter) Limited
CS (Norwich) Limited
Eastgate Theatre, Inc.
Edwards Theatres, Inc.
Empire Cinema 2 Limited
Frederick Plaza Cinema, Inc.
Gallery Cinemas Limited
Gallery Holdings Limited
Great Escape LaGrange LLC

Great Escape LLC
Great Escape of Nitro, LLC
Great Escape of O'Fallon, LLC
Great Escape Theatres of Bowling Green, LLC
Great Escape Theatres of Harrisburg, LLC
Great Escape Theatres of Lebanon, LLC
Great Escape Theatres of New Albany, LLC
Great Escape Theatres, LLC
Hemel Hepstead Two Cinema 2 Limited
Hollywood Theaters III, Inc.
Hollywood Theaters, Inc.
Hoyts Cinemas Corporation
Interstate Theatres Corporation
Lois Business Development Corporation
McIntosh Properties, LLC
Newcastle Cinema 2 Limited
Newman Online Limited
Next Generation Network, Inc.
Oklahoma Warren Theatres II, LLC
Oklahoma Warren Theatres, LLC
Pacific Rim Business Development Corporation
Picturehouse Bookings Limited
Picturehouse Cinemas Limited
Picturehouse Entertainment Limited
Poole Cinema 2 Limited
R.C. Cobb II, LLC
R.C. Cobb, Inc.
Ragains Enterprises LLC
RCI/FSSC, LLC
RCI/RMS, LLC
Regal – 18, LLC
Regal Cinemas Corporation
Regal Cinemas Holdings, Inc.
Regal Cinemas II, LLC
Regal Cinemas, Inc.
Regal CineMedia Corporation
Regal CineMedia Holdings, LLC
Regal Distribution Holdings, LLC
Regal Distribution, LLC
Regal Entertainment Group
Regal Entertainment Holdings II LLC
Regal Entertainment Holdings, Inc.
Regal Gallery Place, LLC

Regal Investment Company
Regal Licensing, LLC
Regal Stratford, Inc.
Regal/ATOM Holdings, LLC
Regal/Cinebarre Holdings, LLC
Regal/DCIP Holdings, LLC
RegalRealty - 17, LLC
Richmond I Cinema, L.L.C.
The Movie Machine, L.L.C.
UA Shor, LLC

UA Swansea, LLC
United Artists Properties I Corp.
United Artists Realty Company
United Artists Theatre Circuit II, LLC
United Artists Theatre Circuit, Inc.
United Artists Theatre Company
Valeene Cinemas, LLC
Wallace Theater Holdings, Inc.
Warren Oklahoma Theatres, Inc.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CONSOLIDATED THEATRES MANAGEMENT, L.L.C., | ) Case No. 22-_____(____) |
| | ) |
| Debtor. | ) |
| | ) |

### LIST OF EQUITY SECURITY HOLDERS[2]

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Regal Cinemas, Inc. | 101 E. Blount Avenue Knoxville, TN 37920-1605 | 100% |

---

[2] This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | ) |
|  | ) |
| CONSOLIDATED THEATRES MANAGEMENT, L.L.C., | ) |
|  | ) |
| Debtor. | ) |

Chapter 11

Case No. 22-_____(\_\_\_)

<u>**CORPORATE OWNERSHIP STATEMENT**</u>

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Regal Cinemas, Inc. | 100% |

**Fill in this information to identify the case:**

Debtor name    Cineworld Group plc, *et al.*

United States Bankruptcy Court for the:   Southern                 District of   Texas
                                                                                  (State)

Case number (If known): _____

☐ Check if this is an amended filing

# Chapter 11 or Chapter 9 Cases:  Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders                    12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes.  Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of Creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | **AMAS Ltd. T/A Jones Lang Lasalle** P.O. Box 55791, Docklands, London, England E14 7AE<br><br>Town Hall Market Place, Henley-on-Thames, England RG9 2AQ | credit_management@standardlife.com aamcashiers@eu.jll.com | Rent | N/A | N/A | N/A | N/A | $7,849,764 |
| 2 | **Arvest Bank** 1501 W Edmond Road, Edmond, OK 73003 | Shandy Belford (405) 419-3834 sbelford@arvest.com | Bank Loans | N/A | N/A | N/A | N/A | $11,900,000 |
| 3 | **Bidvest Noonan (UK) Ltd.** St Magnus House 3, Lower Thames Street, london, England EC3R 6HD | 44 844 225 1115 ar@bidvestnoonan.com | Trade Debt | N/A | N/A | N/A | N/A | $3,214,557 |
| 4 | **BNY Melon** 160 Queen Victoria Street, London, England EC4V 4LA | Joanne Hume 44 (0) 1202 689653 Ian.Johnson@bnymellon.com | Bank Loans | N/A | N/A | N/A | N/A | $213,000,000 |
| 5 | **Booker Limited** Equity House Irthlingborough Road, Wellingborough, England NN8 1LT | Terry Riley accountsreceivable@booker.co.uk creditcontrol@booker.co.uk | Trade Debt | N/A | N/A | N/A | N/A | $2,019,919 |

Debtor Name:  Cineworld Group plc, *et al.*                                            Case Number (if known):_____

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 6 | **Christie Digital Systems Canada Inc. - USD**<br>200 Ashville Way, Workingham, England RG41 2PL | ARQueries-EMEA@christiedigital.com<br>cinema.orders.emea@christiedigital.com | Trade Debt | N/A | N/A | N/A | $1,891,918 |
| 7 | **Christie Digital Systems USA Inc. RCM**<br>10550 Camden Drive, Cypress, CA 90630 | Paul Haupert<br>714-220-3561<br>Paul.haupert@christiedigital.com | Trade Debt | N/A | N/A | N/A | $3,952,541 |
| 8 | **Cinionic Inc**<br>11080 White Rock Rd, Suite 100, Rancho Cordova, CA 95670 | Paul Hermans<br>+32 495 36 22 02<br>paul.hermans@cinionic.com | Trade Debt | N/A | N/A | N/A | $8,639,937 |
| 9 | **CJ 4DPLEX**<br>6F I-Park Mall Hangang-daero 23-gil 55, Yongsan-gu, Seoul, South Korea 04377 | 82 371 5246<br>youngsoo.kim6@cj.net<br>hc.ahn@cj.net | Construction | N/A | N/A | N/A | $1,669,668 |
| 10 | **CJ 4DPLEX Americas LLC**<br>7082 Hollywood Blvd., Suite 600, Los Angeles, CA 90028 | Don Savant<br>213-378-2014<br>Don.savant@cj.net | Construction | N/A | N/A | N/A | $1,718,438 |
| 11 | **IMAX Corporation**<br>2525 Speakman Drive, Mississauga, ON, Canada L5K1B | Mark Welton<br>905-403-6254<br>MWelton@imax.com | Trade Debt | N/A | N/A | N/A | $8,881,917 |
| 12 | **IMAX Theatres International Ltd.**<br>2525 Speakman Drive, Mississauga, ON, Canada L5K 1B1 | Will Carass<br>WCarass@imax.com | Construction | N/A | N/A | N/A | $2,534,949 |
| 13 | **Intertrust Technologies Corporation**<br>920 Stewart Drive, Suite 100, Sunnyvale, CA 94085 | General Counsel<br>jmcdow@intertrust.com | Settlement Agreement | N/A | N/A | N/A | $4,500,000 |
| 14 | **JP Morgan Chase**<br>P.O. Box 100486, 2710 Media Center Drive, Building #6, Suite 120, Los Angeles, CA 90065 | Paramount Theat. Dist. Rcpt., | Trade Debt | N/A | N/A | N/A | $1,865,101 |
| 15 | **Lionsgate Film Inc.**<br>579 Fifth Avenue, 14th Floor, New York, NY 10017 | Harvey Shapiro<br>(212) 621-8224<br>hshapiro@sargoy.com | Trade Debt | CUD | N/A | N/A | $15,135,562 |
| 16 | **Maeve Contractors Ltd.**<br>Unit 1, 5 Eastfields Avenue, London, England SW18 1FU | info@maevecontractors.co.uk | Construction | N/A | N/A | N/A | $2,868,391 |

Debtor Name: Cineworld Group plc, *et al.*                                      Case Number (if known):_____

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 17 | **MAPP Property Management Limited**<br>180 Great Portland Street, London, England W1W 5QZ | Lisa Glendinning<br>0207 908 5643<br>cashier@wearemapp.com<br>lisa.glendinning@wearemapp.com<br>yazmin.griffiths@wearemapp.com | Rent | N/A | N/A | N/A | $3,937,518 |
| 18 | **McCarthy Tetrault LLP**<br>Box 48, Suite 5300, Toronto-Dominion Bank Tower, Toronto, ON, Canada M5K 1E6 | 416-362-1812<br>TOR-AR@mccarthy.ca | Professional Services | N/A | N/A | N/A | $1,662,033 |
| 19 | **Realty Income Corporation**<br>11995 El Camino Real, San Diego, CA 92130 | 858-284-5000 | Rent | N/A | N/A | N/A | $5,000,000 |
| 20 | **Royal Paper Corporation - Purchasing**<br>10232 Palm Drive, Santa Fe Springs, CA 90670 | George Abiaad<br>562-903-9030<br>GAbiaad@royalcorporation.com | Trade Debt | N/A | N/A | N/A | $3,468,853 |
| 21 | **Savills Commercial Ltd.**<br>12 Booth St., Manchester, England M2 4AW | managementtreasury@savills.com | Rent | N/A | N/A | N/A | $10,125,029 |
| 22 | **Sony Pictures Releasing**<br><br>The Brunel Building, 2 Canalside Walk, London, England W2 1DG<br><br>10202 W. Washington Blvd., Jimmy Stewart Bldg., Room 323D, Culver | Jake Walker and Jon Stone<br>Jake_Walker@spe.sony.com<br>UK_Remittances@spe.sony.com<br>Anneka_Ruparelia@spe.sony.com | Trade Debt | N/A | N/A | N/A | $3,269,023 |
| 23 | **The Walt Disney Company Ltd.**<br><br>The Walt Disney Company Pavilion House, 31-32, Dublin, Ireland D02 | Kerryann Leonard<br>+ 44 208 222 59 00<br>Kerryann.Leonard@disney.com<br>DWSS.EMEA.UK.Collection@disney.com | Trade Debt | N/A | N/A | N/A | $12,082,212 |
| 24 | **Universal**<br>Central Saint Giles St Giles High Street, London, England WC2H 8NU | Universalpicturesukandeire.finance@nbcuni.com | Trade Debt | N/A | N/A | N/A | $20,461,774 |
| 25 | **Vistar Northern California**<br>P.O. Box 951080, Dallas, TX 75395 | John Mizer<br>303-662-7135<br>John.Mizer@pfgc.com | Trade Debt | N/A | N/A | N/A | $12,218,140 |
| 26 | **Walt Disney Studios Motion Pictures**<br>Bank of America Lockbox Sevices 13497 Collections, Chicago, IL 60693 | | Trade Debt | N/A | N/A | N/A | $1,983,947 |
| 27 | **Warner Bros Entertainment UK Limited**<br>Warner House 98 Theobalds Road, London, England WC1X 8WB | Alina Swierzewska<br>alina.swierzewska@warnerbros.com<br>Liliana.Carata@warnerbros.com | Trade Debt | N/A | N/A | N/A | $5,649,945 |

Debtor Name:  Cineworld Group plc, *et al.*                    Case Number (if known):_____

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 28 | **Warner Bros Pictures Inc.**<br>3903 W Olive Avenue, Burbank, CA 91505 | Jennifer Amaya | Trade Debt | N/A | N/A | N/A | $2,090,900 |
| 29 | **Wilmington Trust**<br>50 South Sixth Street, Suite 1290, Minneapolis, MN 55402 | Jay Campbell<br>612 217 5676<br>JCAMPBELL3@WilmingtonTrust.com | Bank Loans | N/A | N/A | N/A | $39,251,667 |
| 30 | **Workman LLP - Feltham**<br>4th Floor Minton Place, Station Road, Swindon, England SN1 1DA | 1412258085<br>swindon.cashiers@workman.co.uk | Rent | N/A | N/A | N/A | $4,307,214 |

Fill in this information to identify the case and this filing:

| | |
|---|---|
| Debtor Name | **Consolidated Theatres Management, L.L.C.** |
| United States Bankruptcy Court for the: | **Southern District of Texas** |
| | (State) |
| Case number (If known): | |

<u>Official Form 202</u>
# Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## ▮ Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐   *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐   *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐   *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐   *Schedule H: Codebtors (Official Form 206H)*

☐   *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐   Amended Schedule

☒   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒   Other document that requires a declaration **List of Equity Security Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

| | | |
|---|---|---|
| Executed on | <u>09/07/2022</u> | ☒ */s/ James A. Mesterharm* |
| | MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | | **James A. Mesterharm** |
| | | Printed name |
| | | **Chief Restructuring Officer** |
| | | Position or relationship to debtor |

Official Form 202                    Declaration Under Penalty of Perjury for Non-Individual Debtors

## OMNIBUS RESOLUTIONS OF THE BOARD

September 6, 2022

The board of managers, board of directors, sole member, managers, general partner, or managing member, as applicable (the "Board") of each of the entities listed on **Exhibit A** hereto (collectively, the "Company"), having considered the filing of voluntary petitions for relief under the provisions of title 11 of the United States Code (the "Bankruptcy Code") for the Company and, if applicable, local proceedings for the Company pursuant to applicable law and in accordance with the requirements of the Company's governing documents (the "Restructuring Matters"), has reviewed and considered certain materials presented by the management of the Company and the Company's advisors, including, but not limited to, materials regarding the liabilities and obligations of the Company, its liquidity, the strategic alternatives available to it, and the effect of the foregoing on the Company's business, and has had adequate opportunity to consult such persons regarding the materials presented, obtain additional information, and fully consider each of the strategic alternatives available to the Company, and therefore be it **RESOLVED THAT**:

1. **VOLUNTARY PETITIONS FOR RELIEF UNDER APPLICABLE BANKRUPTCY LAW AND SEEKING NECESSARY RELIEF**

   A. In the judgment of the Board, it is desirable and in the best interest of the Company, its interest holders, its creditors, and other parties in interest, that the Company file or cause to be filed voluntary petitions for relief (the "Bankruptcy Petitions") under the provisions of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas or such other court of competent jurisdiction (the "Bankruptcy Court") for the Company and any of its subsidiaries, any applicable foreign ancillary proceedings for the Company and, in accordance with the requirements of the Company's governing documents and applicable law, the Board hereby consents to, authorizes, and approves the filing of the Bankruptcy Petitions and foreign ancillary proceedings, if any; and

   B. The Chief Restructuring Officer, and any partner, director, manager, or other duly appointed officer of the Company (collectively, the "Authorized Persons") is hereby authorized and appointed to act as signatory on behalf of the Company in respect of the Restructuring Matters and/or any person to whom such Authorized Persons and/or officers delegate such responsibilities is hereby authorized to execute (under the common seal of the Company, if appropriate) and file on behalf of the Company and its subsidiaries all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all actions they deem necessary or proper to obtain such relief, including, but not limited to, any action necessary or proper to maintain the ordinary course operations of the Company and/or any of its subsidiaries.

2. **RETENTION OF PROFESSIONALS**

   A. Each of the Authorized Persons is hereby authorized, empowered, and directed to employ: (i) the law firm of Kirkland & Ellis LLP as general bankruptcy counsel; (ii) the law firm of Jackson Walker LLP as co-bankruptcy counsel; (iii) the law firm of Slaughter and May

as U.K. counsel (iv) PJT Partners LP as investment banker; (v) AlixPartners, LLP as financial and restructuring advisor; (vi) Kroll Restructuring Administration LLC as claims and noticing agent; (vii) A&G Realty Partners, LLC as real estate advisor; (viii) Willkie Farr & Gallagher LLP as counsel to the independent directors of Crown Finance US, Inc. and its direct and indirect subsidiaries that are filing for chapter 11; (ix) Ashurst LLP as U.K. counsel to the Board of Cineworld Group plc and (x) Kramer Levin Naftalis & Frankel LLP as U.S. counsel to the Board of Cineworld Group plc; and (xi) any other legal counsel, accountant, financial advisor, restructuring advisor, or other professional the Authorized Persons deem necessary, appropriate, or advisable to retain; each to represent and assist the Company in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and any applicable law (including, but not limited to, the law firms filing any pleadings or responses); and in connection therewith, the Authorized Persons are hereby authorized, empowered, and directed, in accordance with the terms and conditions hereof, to execute (under the common seal of the Company, if appropriate) appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain such services; and

B. Each of the Authorized Persons is hereby authorized, empowered, and directed to execute (under the common seal of the Company, if appropriate) and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, and to perform such further actions and execute (under the common seal of the Company, if appropriate) such further documentation that the Authorized Persons in their absolute discretion deem necessary, appropriate, or desirable in accordance with these resolutions.

**3.     APPOINTMENT OF CHIEF RESTRUCTURING OFFICER**

A. In accordance with their respective organizational documents, each Company hereby creates the office of Chief Restructuring Officer at each Company.  James A. Mesterharm is hereby appointed to serve as the Chief Restructuring Officer of each Company until his successor has been duly appointed or until his earlier resignation, removal from office, or death.  The Chief Restructuring Officer shall report to the Company's Board and the special committee of the Board, in coordination with the Chief Executive Officer, the Chief Operations Officer, and the Chief Financial Officer.

**4.     CASH COLLATERAL, DEBTOR-IN-POSSESSION FINANCING, AND ADEQUATE PROTECTION**

A. In the judgment of the Board of each of the other entities listed on **Exhibit A** hereto:

    I.      The Company will obtain benefits which are necessary and convenient to the conduct, promotion, and attainment of the business and are therefore in the best interests of the Company, from (x) the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for certain prepetition secured lenders, including (i) the lenders party to that certain credit agreement, dated as of February 28, 2018 and (ii) prior to repayment, the lenders party to that certain credit agreement, dated as of November 23, 2020 and which will be, following the entry into the DIP Financing, used to secure the superpriority secured

debtor-in-possession credit agreement (the "<u>DIP Credit Agreement</u>"), to be dated on or about September 6, 2022 (the "<u>DIP Financing</u>"); and (y) the incurrence of debtor-in-possession financing obligations by entering into the DIP Credit Agreement; and (z) the grant of security over all its assets in favor of certain prepetition secured lenders party to the DIP Credit Agreement.  As such, the transactions contemplated in connection with the DIP Financing are hereby authorized and approved.

II.     In order to use and obtain the benefits of the DIP Financing and Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, the Company will provide certain adequate protection to the secured parties (the "<u>Adequate Protection Obligations</u>"), as documented in the proposed interim order of the Bankruptcy Court, authorizing and approving on an interim basis, among other things, the DIP Financing and the transactions contemplated by the DIP Credit Agreement (the "<u>Interim DIP Order</u>") and the final order of the Bankruptcy Court authorizing and approving on a final basis, among other things, the DIP Financing and the transactions contemplated by the DIP Credit Agreement in substantially the form of the Interim Order (the "<u>Final DIP Order</u>," and together with the Interim DIP Order, the "<u>DIP Orders</u>") submitted for approval to the Bankruptcy Court.

III.    In order to use and obtain the benefits of the DIP Financing and Cash Collateral, the Company will also enter into such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents required to consummate the transaction contemplated by the DIP Orders to which the Company is or will be a party, including, but not limited to, any security and pledge agreement or guaranty agreement (collectively with the DIP Credit Agreement, the "<u>DIP Financing Documents</u>").

IV.    The Company will receive benefits from the DIP Documents (as defined below) and it is desirable and in the best interests of the Company and all of its stakeholders that the form, terms, and provisions of the DIP Financing Documents and the actions and transactions contemplated thereby be, and hereby are, authorized, adopted, and approved in all respects, and the Company is authorized to enter into the DIP Financing Documents, subject to the approval of the DIP Financing Documents by the Bankruptcy Court.

V.     The Board has determined that it is necessary and in the best interests of the Company and its stakeholders that the form, terms, and provisions of the DIP Orders, to which the Company is or will be subject, and the actions and transactions contemplated thereby be, and hereby are, authorized, adopted, and approved in all respects, and each of the Authorized Persons of the Company be, and hereby are, authorized, directed, and empowered, in the name of and on behalf of the Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of (i) the DIP Orders, (ii) the DIP Financing Documents and such other agreements, certificates, instruments, fee letters, guaranties, notices, receipts, recordings, filings, petitions, motions, and any and all other papers or documents to which the Company is or will be a party, including, but not limited to, any security and pledge agreements, any amendments to any DIP Financing Documents, and any further collateral agreements or guaranty agreements, (iii) such other agreements, instruments, certificates, notices, assignments, and documents as may be reasonably requested by the agent (the

"<u>DIP Agent</u>") under the DIP Financing, and (iv) such forms of account control agreements, officer's certificates, and compliance certificates as may be required by the DIP Financing Documents (the documents described in clauses (i) through (iv) of this paragraph, collectively, the "<u>DIP Documents</u>"), incur and pay, or cause to be paid, all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the officers of the Company, with such changes, additions, and modifications thereto as the officers of the Company executing the same shall approve in their sole discretion, such approval to be conclusively evidenced by such officers' execution and delivery thereof.

VI.     The Company, as debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized to incur the Adequate Protection Obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Documents (collectively, the "<u>DIP Transactions</u>"), including the guaranty of the obligations thereunder and the granting of liens on substantially all of its assets to secure such obligations, in accordance with the terms of the DIP Order.

VII.    The Authorized Persons of the Company be, and hereby are, authorized and directed, and each of them acting alone hereby is authorized, directed, and empowered in the name of, and on behalf of, the Company, as debtor and debtor in possession, to take such actions as in their sole discretion is determined to be necessary, desirable, or appropriate and to effectuate the DIP Documents and the DIP Transactions, including delivery thereof.

VIII.   Each of the Authorized Persons of the Company be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Company to file or to authorize the DIP Agent to file any Uniform Commercial Code (the "<u>UCC</u>") financing statements, any other equivalent filings, any intellectual property filings and recordation, and any necessary assignments for security or other documents in the name of the Company that the DIP Agent deems necessary or appropriate to perfect any lien or security interest granted under the DIP Orders, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired," and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Company and such other filings in respect of intellectual and other property of the Company, in each case as the DIP Agent may reasonably request to perfect the security interests of the DIP Agent under the DIP Orders.

IX.     Each of the Authorized Persons of the Company be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Company to: (a) prepare any amendments, waivers, consents, supplements, or other modifications under or to the DIP Documents to which the Company is a party which shall in their sole judgment be necessary, proper, or advisable to perform the Company's obligations under or in connection with the DIP Orders or any of the other DIP Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions, and (b) execute and deliver such amendments, waivers, consents, supplements, or other modifications under such agreements or documents, the execution and delivery

thereof by such Authorized Person to be deemed conclusive evidence of the approval and ratification thereof by such Authorized Person or that such Authorized Person deemed such standard to be met.

X.      It is in the best interests of the Company and all of its stakeholders that each of the Authorized Persons of the Company be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Company to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the DIP Transactions and all fees and expenses incurred by or on behalf of the Company in connection with the foregoing resolutions, in accordance with the terms of the DIP Documents, which shall in their sole judgment be necessary, proper, or advisable to perform the Company's obligations under or in connection with the DIP Orders or any of the other DIP Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions.

## 5.    FURTHER ACTIONS AND PRIOR ACTIONS

A.  The Board hereby authorizes any direct or indirect subsidiary of the Company or any entity of which the Company or any subsidiary of such Company is the sole member, general partner, or managing member, as applicable, to take each of the actions described in these resolutions or any of the actions authorized in these resolutions, and none of the resolutions contained herein, or action taken in furtherance hereto, shall have or cause an adverse effect on any such subsidiary or the Company's interest therein (including without limitation, any automatic dissolution, divestiture, dissociation, or like event under applicable law);

B.  In addition to the specific authorizations heretofore conferred upon the Authorized Persons, the Authorized Persons, either individually or as otherwise required by the Company's governing documents and applicable law, are hereby authorized to execute (under the common seal of the Company if appropriate), acknowledge, deliver, and file any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds, and other documents on behalf of the Company relating to the Restructuring Matters;

C.  Each of the Authorized Persons (and their designees and delegates) is hereby authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute (under the common seal of the Company, if appropriate), acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Person's or Authorized Persons' absolute discretion, shall be necessary, appropriate, or desirable in order to fully carry out the intent and accomplish the purposes of the resolution adopted herein;

D.  The Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the governing documents of the Company, or hereby waives any right to have received such notice;

E.  All acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been

approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved, confirmed, and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of the Board; and

F.  Any Authorized Person is hereby authorized to perform all other acts, deeds, and other actions as the Company itself may perform, in accordance with its governing documents and applicable law, howsoever arising in connection with the matters above, or in furtherance of the intentions expressed in the foregoing resolutions, including, but not limited to, the negotiation, finalization, execution (under common seal, whether or not expressed to be a deed, as may be necessary or appropriate), and delivery of any other agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds, and other documents whatsoever as the individual acting may in his/her absolute and unfettered discretion approve, deem or determine necessary, appropriate or advisable, such approval, deeming or determination to be conclusively evidenced by said individual taking such action or the execution thereof.

*[Signature pages follow]*

**IN WITNESS WHEREOF**, the undersigned have executed this consent as of the date first above written.

**A3 Theatres of Texas, Inc.**
**Consolidated Theatres Management, L.L.C.**
**Crown Theatre Corporation**
**Frederick Plaza Cinema, Inc.**
**Hollywood Theatres III, Inc.**
**Lois Business Development Corporation**
**Next Generation Network, Inc.**
**Pacific Rim Business Development Corporation**
**RCI/FSSC, LLC**
**Regal Cinemas Corporation**
**Regal Cinemas Holdings, Inc.**
**Regal Cinemedia Corporation**, on behalf of itself and as sole member of
 **Regal Cinemedia Holdings, LLC**, on behalf of itself and as sole member of
  **Regal/Atom Holdings, LLC**
**Regal Distribution, LLC**, on behalf of itself and as sole member of
 **Regal Distribution Holdings, LLC**
**Regal Entertainment Group**, on behalf of itself and as sole member of
 **Regal Entertainment Holdings II LLC**
**Regal Entertainment Holdings, Inc.**
**Regal Investment Company**
**Regal Stratford, Inc.**
**UA Swansea, LLC**
**United Artists Realty Company**, on behalf of itself and as sole stockholder of
 **United Artists Properties I Corp.**
**Wallace Theater Holdings, Inc.**

By: _____
Name:  Gary Begeman
Title:  Director

By: _____
Name:  Nisan Cohen
Title:  Director

By: _____
Name:  John Dionne
Title:  Director

By:_____
Name:  Matthew Neil Eyre
Title:  Director

By:_____
Name:  Michael Leffell
Title:  Director

By:_____
Name:  Tal Soudry
Title:  Senior Vice President

**Hollywood Theaters, Inc.**
**Hoyts Cinemas Corporation**, on behalf of itself
and as sole stockholder of
    **Interstate Theatres Corporation**
**R.C. Cobb, Inc.**
**R.C. Cobb II, LLC**
**RCI/RMS, LLC**
**Regal Cinemas II, LLC**
**Edwards Theatres, Inc.**
**Regal Gallery Place, LLC**
**Regal Licensing, LLC**
**Richmond I Cinema, L.L.C.**
**Warren Oklahoma Theatres, Inc.**
**Regal Cinemas, Inc.**, on behalf of itself and as
(a) sole member of
    **13th Avenue Partners, L.L.C.,**
    **Cinemas Associates, LLC,**
    **Mcintosh Properties, LLC,**
    **Regalrealty – 17, LLC,**
    **Regal – 18, LLC,**
    **Oklahoma Warren Theatres, LLC,** on
    behalf of itself and as sole member of
        **Oklahoma Warren Theatres II,**
        **LLC,**
    **Regal/Cinebarre Holdings, LLC,** on behalf
    of itself and as sole member of
        **Cinebarre, LLC,**
    **Regal/DCIP Holdings, LLC,**
    **The Movie Machine, L.L.C., and**
    **Ragains Enterprises, LLC**, on behalf of
    itself and as sole member of
        **Great Escape LaGrange LLC,**
        **Great Escape LLC,**
        **Great Escape of Nitro, LLC,**
        **Great Escape of O'Fallon, LLC,**

*[Signature Page to Omnibus Filing Resolutions]*

**Great Escape Theatres of Bowling Green, LLC,**
**Great Escape Theatres of Harrisburg, LLC,**
**Great Escape Theatres of Lebanon, LLC,**
**Great Escape Theatres of New Albany, LLC,**
**Great Escape Theatres, LLC, and**
**Valeene Cinemas, LLC; and**

(b) as general partner of

**A3 Theatres of San Antonio, Ltd.**
**Eastgate Theatre, Inc.**
**United Artists Theatre Circuit, Inc.**, on behalf of itself and as sole member of

**UA Shor, LLC and**
**United Artists Theatre Circuit II, LLC**

By: _____
Name:  Gary Begeman
Title:  Director

By: _____
Name:  John Dionne
Title:  Director

By: _____
Name:  Matthew Neil Eyre
Title:  Director

By: _____
Name:  Michael Leffell
Title:  Director

**Crown Finance US, Inc.**, on behalf of itself and
as sole member of
    **Busby AssignCo, LLC**
**Crown Intermediate Holdco, Inc.**
**United Artists Theatre Company**

By: _____
Name:  Gary Begeman
Title:  Director

By: _____
Name:  Nisan Cohen
Title:  Director

By: _____
Name:  John Dionne
Title:  Director

By: _____
Name:  Matthew Neil Eyre
Title:  Director

By: _____
Name:  Michael Leffell
Title:  Director

*[Signature Page to Omnibus Filing Resolutions]*

## <u>Exhibit A</u>

**Filing Entities**

1.  13th Avenue Partners, L.L.C.

2.  A 3 Theatres of San Antonio, Ltd.

3.  A 3 Theatres of Texas, Inc.

4.  Cinebarre, LLC

5.  Cinemas Associates, LLC

6.  Consolidated Theatres Management, L.L.C.

7.  Crown Theatre Corporation

8.  Eastgate Theatre, Inc.

9.  Frederick Plaza Cinema, Inc.

10. Great Escape LaGrange LLC

11. Great Escape LLC

12. Great Escape of Nitro, LLC

13. Great Escape of O'Fallon, LLC

14. Great Escape Theatres of Bowling Green, LLC

15. Great Escape Theatres of Harrisburg, LLC

16. Great Escape Theatres of Lebanon, LLC

17. Great Escape Theatres of New Albany, LLC

18. Great Escape Theatres, LLC

19. Hollywood Theatres III, Inc.

20. Hollywood Theaters, Inc.

21. Hoyts Cinemas Corporation

22. Interstate Theatres Corporation

23. Lois Business Development Corporation

24. Mcintosh Properties, LLC

25. Next Generation Network, Inc.

26. Oklahoma Warren Theatres II, LLC

27. Oklahoma Warren Theatres, LLC

28. Pacific Rim Business Development Corporation

29. R.C. Cobb II, LLC

30. R.C. Cobb, Inc.

31. Ragains Enterprises LLC

32. RCI/FSSC, LLC

33. RCI/RMS, LLC

34. Regal Cinemas Corporation

35. Regal Cinemas Holdings, Inc.

36. Regal Cinemas II, LLC

37. Regal Cinemas, Inc.

38. Regal Cinemedia Corporation

39. Edwards Theatres, Inc.

40. Regal Cinemedia Holdings, LLC

41. Regal Distribution Holdings, LLC

42. Regal Distribution, LLC

43. Regal Entertainment Group

44. Regal Entertainment Holdings II LLC

45. Regal Entertainment Holdings, Inc.

46. Regal Gallery Place, LLC

47. Regal Investment Company

48. Regal Licensing, LLC

49. Regal Stratford, Inc.

50. Regal/Atom Holdings, LLC

51. Regal/Cinebarre Holdings, LLC

52. Regal/DCIP Holdings, LLC

53. Richmond I Cinema, L.L.C.

54. The Movie Machine, L.L.C.

55. UA Shor, LLC

56. UA Swansea. LLC

57. United Artists Properties I Corp.

58. United Artists Realty Company

59. United Artists Theatre Circuit II, LLC

60. United Artists Theatre Circuit, Inc.

61. United Artists Theatre Company

62. Valeene Cinemas, LLC

63. Wallace Theater Holdings, Inc.

64. Warren Oklahoma Theatres, Inc..

65. Crown Finance US, Inc.

66. Crown Intermediate Holdco, Inc.

67. Busby AssignCo, LLC

68. RegalRealty – 17, LLC

69. Regal – 18, LLC